UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:19 CR 00468 CDP |
| ) | |
| DAQUAN MARSHALL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MARSHALL'S SENTENCING MEMORANDUM
AND REQUEST FOR DOWNWARD DEPARTURE AND VARIANCE**

**Introduction**

Defendant Marshall entered pleas of guilty in a non-binding Plea Agreement to Counts 1 and 2 of the Indictment, Armed Robbery and Possession and Brandishing a Weapon. The sentence under Count 1 is to subject to the advisory Sentencing Guidelines and Count 2 is a mandatory term of confinement of seven (7) years to run consecutive to Count I.

The Plea Agreement provides that "either party may request a sentence above or below" the applicable Guideline range as determined by this Court. *See* Plea Agreement, 2.B, p. 2.

Objections to the Presentence Report (hereinafter "PSR") (Doc. 65) have been filed relative to the Count I Guideline calculation which Defendant believes should result in a Guideline range of 37 to 46 months. *See* PSR, ¶ 72, p. 14.

Further, the Probation Officer has noted in the PSR, Part F. Factors that may warrant a sentence outside the Advisory Guideline System. *See* PSR, ¶ 91, p. 16.

1

**Mr. Marshall's Background and Request for Variance**

The Probation Office provided this Court a very accurate and compelling history as to Mr. Marshall's difficult childhood and the obstacles which he encountered during his formative years, as are outlined in his PSR, ¶ 44, Personal and Family Data, pp. 9-10.  The result of these difficulties, as one can well imagine, also resulted in early legal problems as a juvenile offender in the St. Louis City Family Court.  *See* PSR ¶ 36, p. 8.  The PSR also provides information relating to his Mental and Emotional Health.  *See* PSR ¶¶ 49-50, p. 11.  In light of the foregoing, the Probation Officer astutely and, very correctly noted, that the Court may wish to grant a variance in consideration of the factors set forth in 18 U.S.C. § 3553(a).

Mr. Marshall fully understand that this Honorable Court is not bound by the provisions of the Plea Agreement and fully understands the mandatory term of imprisonment required in regards to his plea to Count 2.

However, in light of childhood difficulties and obstacles, Mr. Marshall, now age 25, would request a variance and downward departure from the range of punishment of 37 – 46 months under Count 1.

As this Court well understands, the factors under 18 U.S.C. §3553(a) are the measure of reasonableness.  Under §§ 3553(a)(2) and 3553(a)(6) and 3661, a defendant's total sentence may often be a relevant sentencing consideration.

In addition, 18 U.S.C. § 3661, although perhaps not as relevant as § 3553, states, *inter alia*:

> . . .[n]o limitation shall be placed on  the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

2

As noted above, Mr. Marshall's life experiences in his formative years did not always have the benefit of positive influences. His difficulties began at an early age and, unfortunately have continued to the present. He acknowledges his prior conviction and his pending revocation in the matter of the *State of Missouri v. Daquan Marshall*, Case No. 13SL-CR0539, Circuit Court of St. Louis County. However, as to Count 1, he should be measured by his environment which unfortunately exacerbated his immense and formidable challenges.

It certainly is not surprising that in light of his legal difficulties, both as a juvenile and at present, he suffers from depression. *See* PSR, ¶¶ 49-50, p. 11. He also acknowledged that in light of his upbringing he has had issues with anger management and, without question, he is asking this Court for mental health treatment.

Lastly, we would note his difficulties with marijuana and abuse of prescription medications. To his credit, however, despite his environment, this young man has not abused, or even tried, more serious drugs such as cocaine, heroin, methamphetamine or fentanyl.

On October 1, 2020, the date of his Sentencing Hearing, Mr. Marshall will have been in continuous custody for 18 months. He was initially arrested on March 28, 2019, and booked on the charges of Robbery 1st Degree, Armed Criminal Action and Unlawful Possession in the Circuit Court of the City of St. Louis in the *State of Missouri v. Daquan Marshall*, Case No. 1922-CR0929; however, those State charges were dismissed on August 28, 2019.

Prior to the dismissal of those charges, on July 8, 2019, he was taken into Federal Custody for the instant case. Mr. Marshall requests that he be given credit for his total of 18 months in custody or, if the Court believes it can only credit him for 14 months for his time in Federal custody that this Honorable Court granted an additional variance to provide for the 4

months spent in State custody prior to his transfer to Federal custody, all of which time is related to the incident to which he pled guilty in this Court.

In light of the above matters, we would request that Mr. Marshall be sentenced to a period of time served on Count 1 or, in the alternative, no more than 18 additional months, as he will be obliged to serve a consecutive sentence of seven (7) years on Count 2.

While he is the Bureau of Prisons, we would seek the Court's recommendation for vocational training, especially in the fields of welding, construction and HVAC and whatever other courses he may be eligible to participate.

Last, Counsel would be remiss if it was not brought to the attention of this Court the respectful attitude he has displayed toward undersigned Counsel, the Assistant United States Attorney, the Probation Officer and this Honorable Court.

## **Conclusion**

For the forgoing reasons, Defendant requests that this Honorable Court impose a sentence as follows:

(1) Impose a sentence of time served on Count 1 but, if the Court deems a longer sentence is necessary, that he serve no more than an additional 18 months and, that he be given credit for an aggregate of total time served or, in the alternative, to grant a variance so as to credit him for his time spent in State custody.

(2) A term of seven (7) years on Count 2, to be run consecutive to Count 1.

(3) That any time imposed in this case be ordered to run concurrent with any time imposed in the pending case of *State of Missouri v. Daquan Marshall*, Case No. 13SL-CR0539, Circuit Court of St. Louis County, as was agreed to by the Government in the Plea Agreement.

(4) Inasmuch as Defendant a zero net worth and no income or expenditures due to his incarceration, we would ask the Court to follow the recommendation of the Probation Office wherein it is stated that, "[b]ased upon the defendant's current financial condition, it does not appear he has the ability to pay a fine." *See* PSR, Financial Condition, ¶ 66 p. 13.

(4) Defendant pay the special assessment of $200 forthwith.

(5) This Court recommend that Defendant be allowed to participate in vocational, occupational and/or apprenticeship training in the Bureau of Prisons for welding, construction and HVAC and any other courses which may be available.

(6) This Court recommend that Defendant be allowed to participate in mental health counseling.

(7) That the Court recommend his placement in a facility as close as possible to the metropolitan St. Louis area.

(8) For such other Orders as the Court deems just and proper.

                              Respectfully submitted

                              **/S/  *JoANN TROG***
                              JoANN TROG                         42725MO
                              Attorney for Defendant Marshall
                              121 West Adams Avenue
                              St. Louis, Missouri 63122
                              Telephone:  (314) 821-1111
                              Facsimile:   (314) 821-9798
                              E-Mail:       jtrogmwb@aol.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 14, 2020, a true and correct copy has been filed electronically with the Clerk of Court and a copy thereof to Jennifer L. Szczucinksi, Assistant

United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

    I hereby certify that on September 14, 2020, a copy of the foregoing was sent via e-mail (Vashell_Anderson@moep.uscourts.gov), Vashell Anderson, United States Probation Office, 111 South 10th Street, 2nd Floor, St. Louis, Missouri 63102.

    /s/ ***JoANN TROG***